## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

STEVE MICHAEL
SCHOPPENHORST,

                Plaintiff,

        v.

BILL SCHULTZ; PROPERY PROS,
INC.,

                Defendants.

Case No. 3:24-cv-00209-SLG

## <u>ORDER RE PROPOSED AMENDED COMPLAINT, SERVICE, AND PENDING MOTIONS</u>

Before the Court are five pending motions filed by Plaintiff Steve Michael Schoppenhorst:

1. At Docket 20, Motion to Serve Defendant by Posting and Alternative Service, and Affidavit of Diligent Inquiry

2. At Docket 21, Motion Requesting Volunteer Attorney

3. At Docket 23, Motion for Financial Assistance from Employer

4. At Docket 24, Motion to Consolidate with W.C. Case 202105734

5. At Docket 25, Motion for Damages Paid Out of Alaska Workers Comp. Fund

All five motions were filed simultaneously. In addition to the pending motions, Mr. Schoppenhorst filed two affidavits of service, unissued summonses to Bill Schultz and Property Pros, Inc., a proposed amended complaint alleging claims under 42

U.S.C. § 1983 against new defendants, and two sets of additional related documents.[1]

This order addresses the proposed amended complaint, the service of process deficiencies in this case, and each of the pending motions. Defendants have not appeared in this action and thus have not responded to any of the pending motions.

## BACKGROUND

In the amended Complaint for Employment Discrimination at Docket 4, Mr. Schoppenhorst, appearing pro se, asserts claims for age and disability discrimination against his former employer Property Pros, Inc., and its owner, Bill Schultz (collectively, Defendants).[2] According to the amended complaint and attached documents, Mr. Schoppenhorst began working for Property Pros in November 2020.[3] At some point during his employment, Mr. Schoppenhorst was injured at work.[4] Defendants moved Mr. Schoppenhorst to lighter duty work,[5] but

---

[1] Dockets 18, 19, 22, 26–28.

[2] Mr. Schoppenhorst has also filed a proposed Complaint for Violation of Civil Rights at Docket 26, which the Court addresses in Section I of this order, below.

[3] Docket 4-1 at 1.

[4] Docket 4-8 at 1.

[5] Docket 4-8 at 1.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 2 of 22

on April 6, 2021, Mr. Schoppenhorst was injured at work again.[6]  Defendants terminated him from his position later that night.[7]  Mr. Schoppenhorst filed for workers' compensation, but alleges that he was discriminated against in the workers' compensation process.[8]  After his termination, Mr. Schoppenhorst had difficulties securing new employment.[9]  Mr. Schoppenhorst alleges that Defendants conspired with attorney Colby Smith and various Alaskan officials to obstruct his attempts to find employment, to prevent him from securing legal representation in his workers' compensation case, and to prevent him from seeing the medical providers he wanted to see.[10]

Mr. Schoppenhorst now lives in Wisconsin and initially filed this action in the United States District Court for the Western District of Wisconsin.[11]  District Judge James D. Peterson screened Mr. Schoppenhorst's complaint and determined that

---

[6] Docket 4 at 5; Docket 4-1 at 1.

[7] Docket 4 at 5; Docket 4-1 at 1.

[8] Docket 4-8 at 1.

[9] Docket 4-8 at 1.

[10] Docket 4-8 at 1–2; Docket 4-9 at 1–3.

[11] Docket 1.  The U.S. Equal Employment Opportunity Commission ("EEOC") dismissed Mr. Schoppenhorst's discrimination charge and issued a notice of right to sue on January 19, 2024.  Docket 4-3 at 1.  The notice stated that "a lawsuit against the respondent(s) on this charge . . . must be filed WITHIN 90 DAYS of your receipt of this notice"—in this case, on or before April 18, 2024.  *See* Docket 4-3 at 1.  Mr. Schoppenhorst filed his original complaint in Western District of Wisconsin on April 11, 2024, within the 90-day period provided in the EEOC notice.  *See* Docket 1.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 3 of 22

the Western District of Wisconsin lacked personal jurisdiction over Defendants.[12] Because Property Pros, Inc. is located in Fairbanks, Alaska,[13] Mr. Schoppenhorst's case was transferred to this Court.[14]

On November 12, 2024, at Docket 17, this Court issued an order directing Mr. Schoppenhorst to "proceed with the steps outlined in this order to ensure that service of process on Defendants is completed no later than ninety (90) days from the date of this order."[15]

On February 18, 2025, Mr. Schoppenhorst filed 12 documents with the Court: (1) an affidavit of service by certified mail;[16] (2) unissued summonses to Bill Schultz and Property Pros, Inc.;[17] (3) an Alaska state court Civil Rule 4(f) affidavit;[18] (4) a proposed Complaint for Violation of Civil Rights;[19] (5) an EEOC Charge of Discrimination form with several attachments;[20] (6) additional

_____

[12] Docket 6.

[13] Docket 1 at 2; *see also* Docket 1-1 at 2.

[14] Docket 16.

[15] Docket 17 at 1–2 (emphasis omitted).

[16] Docket 18.

[17] Docket 19.

[18] Docket 22.

[19] Docket 26.

[20] Docket 27–Docket 27-6.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 4 of 22

documents including emails from Disability Law Center of Alaska staff to Mr. Schoppenhorst, a Request for Intervention to the U.S. Department of Labor Office of Workers' Compensation Programs, and emails between Cathy Muñoz and Mr. Schoppenhorst, with annotations that appear to be written by Mr. Schoppenhorst;[21] (7) a certificate of service;[22] (8) a Motion to Serve Defendant by Posting and Alternative Service, and Affidavit of Diligent Inquiry;[23] (9) a Motion Requesting Volunteer Attorney;[24] (10) a Motion for Financial Assistance from Employer;[25] (11) a Motion to Consolidate with W.C. Case 202105734;[26] and (12) a Motion for Damages Paid Out of Alaska Workers Comp. Fund.[27]

The Court issued summonses for Defendants Bill Schultz and Property Pros, Inc. the same day, on February 18, 2025.  No further filings have been made in this case since that date.

---

[21] Docket 28–Docket 28-1.  Cathy Muñoz's email address and signature block identify her as "Commissioner designee" at the Alaska "DOL" (Department of Labor). Docket 28-1 at 2.

[22] Docket 29.

[23] Docket 20.

[24] Docket 21.

[25] Docket 23.

[26] Docket 24.

[27] Docket 25.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 5 of 22

The Court has jurisdiction over Mr. Schoppenhorst's claims pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction.

## DISCUSSION

The Court addresses Mr. Schoppenhorst's proposed amended complaint, the inadequacy of proof service of process on Defendants including Mr. Schoppenhorst's motion for alternative service, and the remaining pending motions, in turn.

### I. Proposed Amended Complaint

At Docket 26 is Mr. Schoppenhorst's proposed Complaint for Violation of Civil Rights. The proposed complaint, like the original complaint at Docket 1 and the amended complaint at Docket 4, names Bill Schultz and Property Pros, Inc. as defendants; the proposed complaint also seeks to add claims under 42 U.S.C. § 1983 against four additional proposed defendants: Melody Kokrine, former Alaska Worker Compensation Board member; Leslie Jaehning, Senior Staff Attorney at Disability Law Center of Alaska; Charles Collins, Director of the Alaska Workers' Compensation Commission; and Antoinette Rust, of the Alaska Commission for Human Rights.[28] Mr. Schoppenhorst asserts that each of the proposed defendants

_____

[28] Docket 26 at 3–4.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 6 of 22

"[f]ail[ed] to protect [him] from discrimination" and "conspired to deprive [him of] civil rights."[29]

In federal court, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent."[30]  However, it appears from the filings that Mr. Schoppenhorst intends for the proposed complaint, which alleges only §1983 claims,[31] to supplement his earlier complaint, which alleges Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA") claims against Defendants.[32]  In light of this reading of the pleadings and to facilitate the just and efficient resolution of Mr. Schoppenhorst's claims, the Court orders as follows:

(1)  The proposed complaint at Docket 26 is STRICKEN from the record.[33] The Court will disregard the proposed complaint at Docket 26; the current operative complaint shall be the Amended Complaint for Employment Discrimination at Docket 4.

---

[29] Docket 26 at 5.

[30] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (citations omitted); *see also* D. Alaska L. Civ. R. 15.1(a) ("[An] amended pleading must not incorporate by reference any prior pleading, including exhibits.").

[31] *See* Docket 26 at 3–5.

[32] Docket 4 at 3.

[33] *See* D. Alaska L. Civ. R. 1.1(b)(8)(A).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 7 of 22

(2)   Mr. Schoppenhorst must effectuate proper service on the two named Defendants forthwith of the operative complaint (Docket 4) and the Court-issued summonses on Defendants, as set forth in Section II of this order, below.

(3)   After service on these two Defendants has been effectuated, Mr. Schoppenhorst may elect to request permission to file a second amended complaint by filing a motion for leave to amend with the proposed amended complaint attached as an exhibit to the motion.[34]

However, parties may be joined as defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[35]  In other words, joining multiple defendants in one complaint is only proper when the action is based on the same facts that involve multiple defendants.  Unrelated claims that involve different defendants must be brought in separate lawsuits.

The ADA and ADEA claims in the operative complaint appear to arise out of Mr. Schoppenhorst's workplace injury and termination from employment that

---

[34] *See* D. Alaska. L. Civ. R. 15.1.

[35] Fed. R. Civ. P. 20(a)(2).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 8 of 22

occurred on or about April 6, 2021,[36] whereas the proposed § 1983 claims against the proposed additional defendants appear to arise out of the subsequent handling of Mr. Schoppenhorst's workers' compensation claim and related inquiries. Thus, the § 1983 claims in the proposed complaint do not appear to be sufficiently related to Mr. Schoppenhorst's existing claims against Defendants to be properly joined in a single lawsuit. If Mr. Schoppenhorst seeks to bring separate claims against other defendants, he must do so in a separate action.

In addition, "[t]o state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law."[37] In other words, a § 1983 claim requires state action. Mr. Schoppenhorst's proposed complaint includes § 1983 claims against a staff attorney at a private non-profit organization; Mr. Schutlz, a private individual; and Property Pros, Inc., a private company.[38] And the other proposed defendants are a former Alaska Workers' Compensation Board Member, the Alaska Workers' Compensation Commission Director, and an employee of the Alaska Commission

---

[36] Mr. Schoppenhorst alleges that he reported a work injury on April 6, 2021, and was fired on April 6, 2021. Docket 4 at 5. Mr. Schoppenhorst alleges elsewhere in the amended complaint that the alleged discriminatory acts occurred between April 6, 2021 and April 7, 2021. Docket 4 at 4. In either event, Mr. Schoppenhorst's ADA and ADEA employment discrimination claims against Defendants appear to arise out of events that occurred, at most, within a 2-day period in April 2021.

[37] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

[38] Docket 26 at 2–3.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 9 of 22

for Human Rights, each of whom appear to be entitled to absolute immunity from § 1983 suits for quasi-prosecutorial and quasi-judicial acts (i.e. "performing functions analogous to those of a prosecutor or a judge"),[39] and for legislative acts (i.e. adopting and applying legislative policy).[40]  It therefore appears unlikely that Mr. Schoppenhorst would be able to plausibly state a § 1983 claim against any of these individuals.

## II.    Service of Complaint and Summons

The various service-related documents filed by Mr. Schoppenhorst demonstrate that the complaint and summons have not yet been properly served on Defendants Bill Schultz and Property Pros, Inc.  This case cannot proceed until and unless these two Defendants are properly served.

In the Court's Order Directing Service and Response at Docket 17, the Court specified that Mr. Schoppenhorst must follow the procedures set out in Federal

---

[39] *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923–26 (9th Cir. 2004) (holding that a state medical board, its disciplinary subsidiary, members, professional staff, and counsel were entitled to absolute immunity from § 1983 liability for acts directly related to the resolution of a disciplinary dispute); *see also Butz v. Economou*, 438 U.S. 478, 512–17 (1978) (holding that agency officials participating in administrative adjudications are entitled to absolute immunity and articulating factors for determining whether absolute immunity should be granted).

[40] *See Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1138 (9th Cir. 2012) (determining that a policy adopted by a state superior court executive committee was legislative and that the defendants were thus "entitled to legislative immunity for their role in adopting and applying" the policy); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751–52 (9th Cir. 2009) (affirming summary judgment in favor of a prison warden and parole board because the warden "lacked independent authority to make prison release decisions" and the "parole board members are entitled to absolute immunity for parole board decisions").

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 10 of 22

Rule of Civil Procedure 4(e) for service of an individual within a judicial district of the United States and Federal Rule of Civil Procedure 4(h) for service of a corporation, partnership, or association. Both rules provide that a plaintiff may "follow[] state law for serving a summons . . . in the state where the district court is located or where service is made." The Court informed Mr. Schoppenhorst that, should he elect to proceed with service under these provisions, he must follow Alaska state law.[41]

Mr. Schoppenhorst appears to have attempted to effectuate service by certified mail, which is permitted pursuant to Alaska Civil Rule 4(h).[42] However, the affidavit of service at Docket 18 shows that Mr. Schoppenhorst's mailing did not comply with Alaska Civil Rule 4(h) in numerous respects. First, Mr. Schoppenhorst avers that he mailed various documents on either January 8, 2025 or February 8, 2025.[43] But because the Court did not issue summonses for Bill Schultz and Property Pros, Inc. until February 18, 2025, Mr. Schoppenhorst cannot have mailed the Court-issued summonses to these Defendants on either date.

---

[41] Docket 17 at 4.

[42] *See* Dockets 18, 29.

[43] On page 1 of the affidavit, Mr. Schoppenhorst swears that he mailed the documents on January 8, 2025. On page 2, Mr. Schoppenhorst certifies that he mailed the documents on February 8, 2025. Docket 18 at 1–2.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 11 of 22

The Court-issued summons must be included in the service packet.[44]  Second, although Mr. Schoppenhorst's handwriting is not fully legible, he does not appear to have included the complaint among the documents he allegedly served.[45]  The operative complaint (here, the amended complaint at Docket 4) must be included in the service packet for each defendant.[46]  Third, Mr. Schoppenhorst appears to have mailed the documents to a lawyer in Anchorage, Alaska,[47] and not directly to Mr. Schultz individually and as the owner of Property Pros, Inc.  Copies of the complaint and summons must be "mailed for restricted delivery only to the party to whom the summons or other process is directed or to the person authorized under federal regulation to receive the party's restricted delivery mail."[48]   Fourth, Mr. Schoppenhorst has not filed a certified mail receipt showing that Defendants received and signed for the documents (the green card receipt).  Service under Alaska Civil Rule 4(h) is only "complete when the return receipt is signed."

Mr. Schoppenhorst also filed a state court Civil Rule 4(f) affidavit at Docket 22, in which Mr. Schoppenhorst solemnly swears or affirms that a copy of the

---

[44] Alaska R. Civ. P. 4(h).

[45] *See* Docket 18 at 1–2.

[46] Alaska R. Civ. P. 4(h).

[47] Docket 18 at 1.

[48] Alaska R. Civ. P. 4(h).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 12 of 22

summons and complaint were served on Defendants by certified mail on February 7, 2025. Mr. Schoppenhorst cannot have completed service of the Court-issued summons and complaint on February 7, 2025 because no summons had yet been issued by the Court. Because both the date of the affidavit and Mr. Schoppenhorst's other filings—including the affidavit of service at Docket 18 and motion for alterative service at Docket 20—contradict the Civil Rule 4(f) affidavit and show that service by certified mail has not been properly effectuated, the Court disregards the Rule 4(f) affidavit at Docket 22. The Court further notes that factual misrepresentations to the Court are sanctionable under Federal Rule of Civil Procedure 11. And willful misrepresentations in sworn statements filed with the Court can constitute perjury.[49]

Mr. Schoppenhorst's separate certificate of service at Docket 29 lists various documents but does not remedy the deficiencies in the affidavit of service nor does it identify to whom and to what addresses these documents were sent.[50]

---

[49] Perjury is a Class B felony under Alaska law and carries a maximum term of imprisonment of up to 10 years. Alaska Stat. §§ 11.56.200, 12.55.125.

[50] A certificate of service should be used only after an appearance has been entered by a Defendant or counsel for a Defendant. After a Defendant has appeared in this case, Mr. Schoppenhorst must serve a copy of all further filings submitted to the Court upon that party or, if the party is represented, the party's attorney(s). Fed. R. Civ. P. 5(a). This type of service may be completed by mail. Fed. R. Civ. P. 5(b)(2)(C). Plaintiff shall include with any original paper filed with the Clerk of Court a certificate stating the date that an exact copy of the document was mailed to Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 13 of 22

Mr. Schoppenhorst has also filed a motion for alternative service.[51] It is unclear from the motion whether Mr. Schoppenhorst requests the Court's permission to serve Bill Schultz by posting on the Alaska Court System's legal notice website and/or whether he seeks to serve Bill Schultz by email or fax to the "Law[] Office [of] Griffen and Smith (Colby Smith)."[52] A plaintiff requesting alternative service must first exhaust all reasonable attempts to locate the defendant and serve the summons.[53] Mr. Schoppenhorst states only that he has attempted to serve Mr. Schultz by certified mail and has "mailed [a] copy of documents to Colby Smith [at] Griffen and Smith Law Firm."[54] Mr. Schoppenhorst states that he "was informed by Colby Smith not to contact the defendant," but does not identify any other attempts to locate or serve Defendants.[55] The Court finds that Mr. Schoppenhorst's attempts to locate and serve Defendants are

---

I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or Defendant's attorney) at (address) on (date).

(Signature)

Any paper received by the Court that does not include a Certificate of Service indicating that each party has been served with a copy of that document will be disregarded by the Court.

[51] Docket 20.

[52] *See* Docket 20 at 1.

[53] *See* Alaska R. Civ. P. 4(e); Fed. R. Civ. P. 4(e)(1).

[54] Docket 20 at 4.

[55] Docket 20 at 4.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 14 of 22

insufficient to justify alternative service under Alaska Civil Rule 4(e), made applicable to service of a federal complaint pursuant to Federal Rule of Civil Procedure 4(e)(1). The Court therefore denies the motion for alternative service without prejudice.

Although self-represented litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings,"[56] proper service is fundamental to acquiring jurisdiction over each defendant in a lawsuit. Under the Federal Rules, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service or order that service be made within a specified time."[57]

To provide adequate proof of service, Mr. Schoppenhorst must file with the Court a sworn affidavit with attached documentation that demonstrates that the Court-issued summonses and two copies of the operative complaint were received by Mr. Schultz (one in his individual capacity and one in his capacity as the owner of Property Pros, Inc). Mr. Schoppenhorst may use Form AO 440 (Proof of

---

[56] *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). In addition, a "district court abuses its discretion when . . . it dismisses a complaint . . . for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Crowley*, 734 F.3d at 975 (first alteration in original) (citations omitted).

[57] Fed. R. Civ. P. 4(m).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 15 of 22

Service, attached as page 2 to the Court-issued summons) or, if service is effectuated by certified mail, Alaska form CIV-620 (Affidavit – Service by Certified Mail). If Mr. Schoppenhorst again attempts service by certified mail, he must attach to the form all documentation showing when he mailed the summons and complaint, to whom the mailing was addressed, and the return receipt showing when it was received and signed for by the recipient.

Mr. Schoppenhorst shall file this proof of service on both Defendants **no later than 60 days from the date of this order**, or this action may thereafter be dismissed without further notice to him.

### III. Motion Requesting Volunteer Attorney

A litigant has no right to an appointed attorney in a federal civil action.[58] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[59] Further, although § 1915(e)(1) permits a court to request an attorney to represent any person unable

---

[58] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[59] *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 16 of 22

to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant. Currently, the Court does not have a list of volunteer attorneys from which it may request counsel to represent Mr. Schoppenhorst. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time. For these reasons, the Court denies the motion for a volunteer attorney without prejudice.

### IV. Motion to Consolidate with W.C. Case 202105734

Mr. Schoppenhorst asks the Court to consolidate this federal case with an Alaska workers' compensation case.[60] In support of his motion, Mr. Schoppenhorst repeats the allegation that his former employer conspired to deny him benefits through Alaska workers' compensation.[61]

Federal Rule of Civil Procedure 42(a) provides, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Rule 42(a) permits consolidation only of cases "before the court." As such, a federal court may not consolidate an action pending before it with an action pending in a different tribunal, such as a state court

---

[60] Docket 24 at 1.

[61] Docket 24 at 1. Mr. Schoppenhorst also asserts that "Alaska workers compensation claimed lack of jurisdiction." Docket 24 at 1. Mr. Schoppenhorst states in other filings that his workers' compensation claim is on appeal before the Alaska Workers' Compensation Appeals Commission. Docket 4-9 at 2.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 17 of 22

Case 3:24-cv-00209-SLG    Document 30    Filed 06/10/25    Page 17 of 22

or a state agency.[62]  Here, the Court does not have the authority to consolidate this action with Mr. Schoppenhorst's workers' compensation case because the workers' compensation case is not before this Court.  Nor may Mr. Schoppenhorst remove his workers' compensation case to this Court for consolidation, because federal law provides that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[63]  The Court therefore denies Mr. Schoppenhorst's Motion to Consolidate with W.C. Case 202105734.

## V.    Motion for Financial Assistance from Employer

In Mr. Schoppenhorst's Motion for Financial Assistance from Employer at Docket 23, Mr. Schoppenhorst requests "[f]inancial [a]ssistance [f]rom employer"—presumably his former employer Property Pros, Inc.—"to pay [his] property taxes and mortgage payments immediately."[64]  The motion is premature insofar as it is asking the Court to award money damages before the Court has decided this case on the merits; the Court must necessarily decide the merits before granting any such relief.  Accordingly, the Court denies Mr.

---

[62] *See Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (concluding that a state case could not be consolidated with a federal case because "Rule 42 applies to cases that are properly before the same court").

[63] 28 U.S.C. § 1445(c).

[64] Docket 23 at 1.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 18 of 22

Schoppenhorst's Motion for Financial Assistance from Employer without prejudice to him seeking compensatory damages in the resolution of this action.

## VI.   Motion for Damages Paid Out of Alaska Workers Comp. Fund

In this motion, Mr. Schoppenhorst requests "[b]ack pay damages [of] $3 million" and "[f]orward pay damages [of] $3 million" to be "paid of out Alaska workers comp[ensation] fund."[65]   Mr. Schoppenhorst also states, perhaps alternatively, that his "[e]mployer went out of business but had insurance so the insurance company needs to pay."[66]

Because Mr. Schoppenhorst requests damages "paid out of Alaska workers comp[ensation] fund," he appears to be making a de facto appeal of a denial of workers' compensation.[67]   A federal court cannot hear a de facto appeal of an Alaska workers' compensation case.  The Alaska Workers' Compensation Appeals Commission ("AWCAC") has exclusive jurisdiction to review decisions made by the Alaska Workers' Compensation Board.[68]   The Supreme Court of Alaska has

---

[65] Docket 25 at 1.

[66] Docket 25 at 1.

[67] The records of Mr. Schoppenhorst's workers' compensation case are not in the record before this Court. The Court thus relies on inferences from Mr. Schoppenhorst's filings, which suggest that his workers' compensation claim was denied.

[68] Alaska Stat. § 23.30.008(a) provides:

> The commission shall be the exclusive and final authority for the hearing and determination of all questions of law and fact arising under this chapter in those matters

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 19 of 22

the authority to review decisions of the AWCAC.[69]  But federal courts are barred from hearing such appeals by the exclusivity provision of the Alaska workers' compensation law[70] and the *Rooker-Feldman* doctrine, which prevents federal district courts from exercising what is effectively appellate review of state court decisions.[71]

To the extent that Mr. Schoppenhorst requests money damages from Defendants' insurer, the request for money damages is premature for the reasons set out in connection with the motion at Docket 23, above, and is misdirected towards a non-party.  Although an insurance contract may indemnify a party for litigation expenses and/or damages awarded, that is a contractual obligation between the insured and the insurer.  Defendants' insurer is not a party to this case

---

that have been appealed to the commission, except for an appeal to the Alaska Supreme Court. The commission does not have jurisdiction in any case that does not arise under this chapter or in any criminal case. On any matter taken to the commission, the decision of the commission is final and conclusive, unless appealed to the Alaska Supreme Court, and shall stand in lieu of the order of the board from which the appeal was taken. Unless reversed by the Alaska Supreme Court, decisions of the commission have the force of legal precedent.

[69] *See id.*

[70] *See id.*

[71] *See Noel v. Hall*, 341 F.3d 1148, 1154–65 (9th Cir. 2003) (providing a detailed overview of the *Rooker-Feldman* doctrine's history, scope, and application).

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 20 of 22

and the Court cannot issue relief against a non-party.[72]  Mr. Schoppenhorst's Motion for Damages Paid Out of Alaska Workers Comp. Fund is therefore denied.

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

1. The proposed Complaint for Violation of Civil Rights at Docket 26 is STRICKEN from the record. The Court will disregard the proposed complaint at Docket 26; the current operative complaint shall be the Amended Complaint for Employment Discrimination at Docket 4.

2. Mr. Schoppenhorst must effectuate service of the operative complaint (Docket 4) and the Court-issued summonses on Defendants Bill Schultz and Property Pros, Inc.  Mr. Schoppenhorst shall file proof of service **no later than 60 days from the date of this order**, or this action may thereafter be dismissed without further notice to him.

3. After service on Defendants Schultz and Property Pros has been effectuated, Mr. Schoppenhorst may choose to file a motion for leave to amend to file a second amended complaint.  The proposed amended complaint shall be attached as an exhibit to the motion.[73]

---

[72] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

[73] *See* District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 21 of 22

4. Mr. Schoppenhorst's Motion to Serve Defendant by Posting and Alternative Service at Docket 20 is DENIED without prejudice.

5. Mr. Schoppenhorst's Motion Requesting Volunteer Attorney at Docket 21 is DENIED without prejudice.

6. Mr. Schoppenhorst's Motion for Financial Assistance from Employer at Docket 23 is DENIED without prejudice to Mr. Schoppenhorst seeking compensatory damages in the resolution of this action.

7. Mr. Schoppenhorst's Motion to Consolidate with W.C. Case 202105734 at Docket 24 is DENIED.

8. Mr. Schoppenhorst's Motion for Damages Paid Out of Alaska Workers Comp. Fund at Docket 25 is DENIED.

DATED this 10th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00209, *Schoppenhorst v. Schultz, et al.*
Order re Proposed Amended Complaint, Service, and Pending Motions
Page 22 of 22

Case 3:24-cv-00209-SLG    Document 30    Filed 06/10/25    Page 22 of 22